UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
                                                  :

UNITED STATES OF AMERICA       :

       - against -              :   S2 06 Cr. 1179 (RJH)

                                          :   <u>AFFIRMATION</u>

ALEKSANDER LIPKIN, et al.,    :

            Defendants. :
---------------------------------X

      DIARMUID WHITE, under penalty of perjury, affirms as follows:

      1.   I am an attorney admitted to practice in this Court and represent defendant Alexander Kaplan. I make this affirmation in support of his motion for the pretrial relief set forth below.

      2.   This affirmation is based on personal knowledge and on information and belief, the sources of which include previous proceedings in this case.

      3.   By letter dated October 24, 2007, the defendant demanded a bill of particulars as follows:

> With respect to each charge of fraud relating to apartments at 243 West 98th Street, New York, New York, which alleges submission of documents containing "false information and material omissions regarding the borrower's intent to live in the Apartment as a primary residence, the fair market value of the Apartment, and the fact that the Apartment was subject to New York's rent regulation laws, <u>among other things</u>" (emphasis

added), state with particularity what, if any, false information and material omissions are indicated by the phrase "among other things."

4. The Government has not responded to the defendant's demand.

5. Pursuant to Fed. R. Crim. P. 7 and the Constitution and laws of the United States, the defendant is entitled to the above particulars so that he has adequate notice of the conduct with which he is charged and can prepare and conduct his defense. See United States v. Davidoff, 845 F.2d 1151 (1987)(reversing conviction where district court denied bill of particulars as to phrase "included, but were not limited to"). The defendant's demand that he be advised what, if any, false information and material omissions are indicated by the phrase "among other things" is akin to the information erroneously withheld in Davidoff. The Court should therefore direct the Government to provide that information.

6. The defendant joins in the pretrial motions of his codefendants to the extent that they are beneficial to him.

WHEREFORE, the Court should order the pretrial relief requested, and such further relief as is just and proper.

Dated:  New York, New York
        December 19, 2007

                                __/s/_____
                                Diarmuid White

2